UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| CHRISTINA C., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:22-cv-05603-TLF <br><br> ORDER AFFIRMING IN PART AND REVERSING AND REMANDING IN PART, DEFENDANT'S DECISION TO DENY BENEFITS |

…

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## ISSUES FOR REVIEW

1. Whether the ALJ erred in not re-opening two prior applications
2. Whether the Court should apply res judicata to plaintiff's 2012 and 2018 applications for benefits

## BACKGROUND

Plaintiff applied for Title II disability benefits and Title XVI supplemental security income in August 2019 alleging a disability onset date of August 1, 2011. AR 279-87.

Plaintiff previously applied for Title II and Title XVI benefits in 2012 and 2018 but was denied each time. AR 16.

In the current case, plaintiff's claim was denied initially and upon reconsideration. The Administrative Law Judge ("ALJ") conducted a hearing on July 26, 2021, and on August 25, 2021, the ALJ issued a partially favorable decision, finding that plaintiff was not disabled through December 31, 2016, but has been disabled beginning August 7, 2019. AR 37.

Plaintiff requested that the ALJ reopen her earlier applications but the ALJ denied the request. AR 16-17. Specifically, the ALJ denied the request to reopen the 2012 application, finding that plaintiff "clearly demonstrated that she understands the necessity of filing timely appeals, and how to file them, even without the assistance of a representative." *Id*. The ALJ additionally denied the request to reopen the 2018 application because he did not find the presence of "new and material evidence that would justify a decision to reopen and revise the prior determination." AR 17.

The ALJ therefore determined that *res judicata* applied to the Title II portion of plaintiff's claim through December 31, 2016, the date of last insured. *Id*. The ALJ then dismissed plaintiff's Title II claims because she was not insured when she filed her current application on August 7, 2019. *Id*. Regarding plaintiff's Title XVI application, the ALJ determined that plaintiff was disabled due to left De Quervain's tenosynovitis, radial styloid tenosynovitis and lateral epicondylitis, gout, level 2 obesity, adjustment disorder with mixed mood and anxiety, major depressive disorder, bipolar affective disorder, generalized anxiety disorder, agoraphobia with panic, borderline personality disorder, and methamphetamine use. AR 20.

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

DISCUSSION

1. <u>Whether the ALJ erred in not reopening plaintiff's 2012 decision</u>

Plaintiff contends that the ALJ erred in determining that plaintiff "clearly demonstrated that she understands the necessity of filing timely appeals, and how to file them, even without the assistance of a representative" because this finding is not supported by substantial evidence; conversely, plaintiff argues that the record reflects that plaintiff has been in a deep depression since 2011, resulting in a period of homelessness from 2011-2016. Dkt. 10 at 3 (citing AR 16). The commissioner responds that plaintiff failed to show that her due process rights were violated when the ALJ refused to reopen her 2012 claim and thus the ALJ's decision is not subject to judicial review. Dkt. 11 at 3

Once an administrative decision becomes final, the Commissioner's decision to reopen a disability claim is "purely discretionary." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). Because a discretionary decision is not a "final decision" within the meaning of 42 U.S.C. § 405(g), the Commissioner's refusal to reopen a decision "is not a 'final' decision subject to judicial review." *Id.* (citations omitted); *Lester* v. Chater, 81

F.3d 821, 827 (9th Cir. 1995) ("As a general matter, the Commissioner's refusal to reopen her decision as to an earlier period is *not* subject to judicial review."). The Court can review a decision to not reopen a prior application if the "denial of a petition to reopen is challenged on constitutional grounds." *Califano v. Sanders*, 430 U.S. 99, 109 (1977). A plaintiff sufficiently alleges a colorable constitutional claim when they allege that a denial was based on a mental impairment and they were unrepresented at the time of the denial of benefits. *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001), as amended on denial of reh'g (May 3, 2001) (citing *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)).

      Plaintiff argues that the decision to not reopen the 2012 decision is a violation of her due process rights because her mental impairments were so severe that they effectively prevented her from following up on her disability claims. Dkt. 10 at 3-4. Therefore, plaintiff has raised a colorable constitutional issue and the court has jurisdiction to consider whether the ALJ appropriately decided not to reopen the 2012 decision. Under Social Security Ruling (SSR) 91-5p the SSA will consider the following four factors in determining whether good cause exists for extending the time for review: (1) inability to read or write, (2) lack of facility with the English language, (3) limited education, and (4) any mental or physical condition which limits the claimant's ability to do things for themselves. SSR 91-5; *Udd,* 245 F.3d at 1099. Any reasonable doubt is to be resolved in favor of the claimant. *Id*. If these factors are met, the time limits for requesting review are tolled and the ALJ must "take the action which would have been appropriate had the claimant filed a timely request for review." *Udd*, 245 F.3d at 1099-1100 (citing SSR 91-5p).

In this case, the ALJ cited as support for his determination not to reopen the 2012 decision the fact that plaintiff requested a postponement of her hearing in her 2012 claim, filed an appeal of that claim after it was dismissed for her failure to attend a hearing, and she can and does attend mental health appointments. AR 16-17; *See* AR 95. The ALJ stated that these instances demonstrate that plaintiff understood the information in the Notice of Hearing and notice of appeal, and that she could attend hearings despite any mental health limitations. *Id*.

Plaintiff argues that plaintiff missed her hearing in 2016 due to her homelessness and severe mental illness. Dkt. 10 at 3. During the current hearing, plaintiff testified that she was unable to attend her prior hearings because of her housing instability at the time. AR 61. Specifically, plaintiff testified that she was couch-surfing or living in her car (which had broken down) intermittently and was unable to communicate with anyone. *Id*. She testified that during this period she spent most of her time sleeping in her car on a dead-end street where she would be undisturbed and going to the mission to eat meals or find food. *Id*. She further testified that she suffered from extreme depression and anxiety during this time that made it difficult for her to leave her car. AR 61-63.

The medical record during this time period also reflects the challenges that plaintiff was facing. For example, on May 14, 2012, plaintiff presented to the Swedish Hospital Issaquah Emergency Department for anxiety and reported that life had been very difficult recently, she was living in her car, having family troubles, and had attempted to commit suicide the August prior. AR 1376.

In making his determination not to reopen plaintiff's 2012 decision, the ALJ considered the fact the plaintiff had demonstrated that she understood the Notice of

Hearing and notice of appeal by following the procedure outlined in these notices to file a postponement and an appeal. AR 17. The ALJ also reasonably considered plaintiff's ability to attend other scheduled appointments during the time at issue in concluding that she could attend hearings despite her mental health limitations. *Id*. However, the ALJ failed to take into account the waxing and waning nature of mental health symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, and mixed results from treatment). The ALJ's decision considers the steps that plaintiff was able to take, but it does not appear that any reasonable doubt regarding plaintiff's ability to do things for herself was resolved in favor of plaintiff. Accordingly, on remand, the ALJ is instructed to consider the impact of plaintiff's mental health symptoms on her ability to do things for herself at the time of her missed hearings in accordance with SSR 91-5p in considering whether to reopen the 2012 decision.

    2. <u>Whether the ALJ erred in not reopening plaintiff's 2018 application</u>

Plaintiff additionally argues that in the case of her 2018 application, the ALJ failed to adequately address plaintiff's contention that she had good cause for reopening her 2018 claim. Dkt. 10 at 4. The commissioner responds that the Court lacks jurisdiction to review the decision to not reopen the 2018 decision because plaintiff forfeited the issue by not presenting any colorable constitutional claim. Dkt. 11 at 3. Plaintiff argues that she did raise a colorable due process claim, citing *Dexter v. Colvin* where the Ninth Circuit stated: "if a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, *see* 20 C.F.R. § 404.911(b), then due

process requires that the ALJ address it." Dkt. 10 at 5 (citing *Dexter v. Colvin*, 731 F.3d 977, 981-82 (9th Cir. 2013)).

However, plaintiff's claim is different from *Dexter*. First, *Dexter* concerned a different regulation; in *Dexter* the Court addressed 20 C.F.R. § 404.911(b) which relates to "good cause for missing the deadline to request review"; in this case the ALJ's decision was pursuant to 20 C.F.R. § 404.988, which deals with "conditions for reopening." See *Dexter,* 731 F.3d at 981-82.

Second, the court in *Dexter* determined that the plaintiff raised a colorable due process issue because she alleged that her request for a hearing was late for three reasons: (1) her own illness, (2) a death of an immediate family member, both of which are listed as "[e]xamples of circumstances where good cause may exist" under 20 C.F.R. § 404.911(b) , and (3) that she didn't realize that there was a time period for filing; the ALJ only considered the third reason, despite the fact that the other two reasons are explicit examples of good cause in the regulations. *Id*. at 980 (*citing* 20 C.F.R. § 404.911(b)) (internal quotations omitted). In contrast 20 C.F.R. § 404.998 contains no definition for "new and material evidence." Therefore, plaintiff's reliance on *Dexter* to demonstrate that she has raised a colorable due process issue is unavailing.

Furthermore, plaintiff was not denied a meaningful opportunity to be heard in this case. The ALJ indicated that he considered the evidence presented and determined that it was not new and material evidence that would justify reopening a prior decision. AR 17. This is also distinct from *Dexter*, where the ALJ did not acknowledge the plaintiff's proffered reasons in determining whether the plaintiff had good cause for submitting a late request for a hearing. *Dexter* 731 F.3d at 980. The ALJ in this case

exercised his discretion in concluding that plaintiff's application did not meet the criteria for reopening the 2018 decision under 20 C.F.R. § 404.988. *Id*. For these reasons, plaintiff has failed to raise a colorable constitutional claim and this Court lacks jurisdiction to review the ALJ's decision not to reopen the 2018 decision.

      3. <u>Whether the ALJ erred in applying res judicata to plaintiff's prior determinations</u>

The ALJ determined "claimant's present application does not meet the criteria to reopen the prior decisions. (20 C.F.R. §§ 404.988 and 416.1488). Therefore, res judicata applies to the Title II portion of the claim though the date of last insured, December 31, 2016 (20 C.F.R. §§ 404.957 and 416.1457). AR 17.

Plaintiff argues the ALJ misapplied the doctrine of res judicata because the previous determination was not made on the same facts and on the same issue or issues and plaintiff was unrepresented at the time of the prior claim. Dkt. 10 at 5-6. Defendant contends that plaintiff's argument is groundless because *Lester*, which plaintiff relies on, relates only to the period subsequent to a prior determination, and plaintiff challenges the Title II portion of her claim only through the date last insured. Dkt. 11 at 8; *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). Because the Court has already determined that remand is appropriate to determine whether the 2012 decision should have been reopened, the Court will only address whether the ALJ erred in applying res judicata to the 2018 decision.

The Court in *Lester* stated the Commissioner is allowed to "apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester*, 81 F.3d at 827. The Ninth Circuit has held that when a plaintiff is unrepresented by counsel in the prior

applications, "the rigid application of res judicata would be undesirable." *Gregory v. Bowen,* 844 F.2d 664, 666 (9th Cir. 1988). However, in *Gregory*, the plaintiff was not only unrepresented, but (1) her new application presented new facts to demonstrate that the prior determination may have been incorrect, and (2) the ALJ considered on the merits the issue of the plaintiff's disability during the time covered by the prior claim. *Id*. The Ninth Circuit has also determined res judicata to be inappropriate where the plaintiff was unrepresented by counsel and the record was "patently inadequate to support the findings the ALJ made." *Thompson v. Schweiker*, 665 F.2d 983, 941 (9th Cir. 1982). In this case plaintiff was unrepresented, however, she has not shown that the prior record was inadequate or presented any new evidence that suggests that the prior decision was incorrect. Additionally, plaintiff has not alleged that the ALJ constructively reopened the 2018 decision by considering that period on the merits. Accordingly, this Court lacks jurisdiction to review the decision to apply res judicata to the 2018 decision.

## CONCLUSION

Based on the foregoing discussion, the Court reverses and remands the ALJ's decision to not reopen the plaintiff's 2012 application; the Court concludes the ALJ improperly exercised his discretion in not reopening plaintiff's 2012 decision. The Court affirms the ALJ's decision to not reopen plaintiff's 2018 decision; that decision is not subject to judicial review.

Dated this 13th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge

9